|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| LISA MARIE MITCHELL, | ) | Case No.: 1:11-cv-01275 JLT |
|---|---|---|
| Plaintiff, | ) ) | ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED |
| v. | ) ) | FAILURE TO PROSECUTE, FAILURE TO AND OBEY THE COURT'S ORDER, AND TO |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | DEMONSTRATE PROPER VENUE |
| Defendant. | ) ) | |

Plaintiff Lisa Marie Mitchell ("Plaintiff") initiated this action on August 1, 2011 by filing a complaint seeking review of decision denying Social Security benefits. (Doc. 2). The Court issued its Scheduling Order on August 2, 2011, setting forth the applicable deadlines for the Social Security action. (Doc. 5). In addition, the Court issued an Order re Consent or Request for Reassignment on August 2, 2011. (Doc. 7).

For the following reasons, Plaintiff is ORDERED to show cause as to why the action should not be dismissed for her failure to prosecute, failure to obey the Court's orders, and improper venue.

**I.  Failure to prosecute and obey the Court's Orders**

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions

1  including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831
2  (9th Cir. 1986). A court may dismiss an action based upon a party's failure to obey a court order,
3  failure to prosecute an action, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963
4  F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring
5  amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)
6  (dismissal for failure to comply with a court order).

7        In the Court's Scheduling Order, Plaintiff was ordered to "serve the summons, complaint, the
8  notice and form of consent to proceed before a magistrate judge provided by Local Rule 305 (a), and
9  a copy of [the] order and file return of service with this court" within twenty days of filing the
10  complaint." (Doc. 5 at 1). Therefore, Plaintiff was to serve and file a proof of service within twenty
11  days, or by August 22, 2011. Plaintiff was informed that "[v]iolations of [the] order . . . may result
12  in sanctions pursuant to Local Rule 110." *Id.* at 4. However, Plaintiff failed to file a proof of
13  service, or seek leave to amend the Scheduling Order. In addition, the Court ordered Plaintiff to
14  "complete and return the enclosed Consent to Assignment or Request for Reassignment" no later
15  than 90 days from August 2, 2011, or by October 31, 2011. (Doc. 5-1). Plaintiff failed to complete
16  the form indicating consent to the jurisdiction of the Magistrate Judge, or requesting assignment to a
17  United States District Judge. Consequently, to date, Plaintiff has failed to comply with two orders of
18  the Court.

19  **II. Improper Venue**

20        When a plaintiff seeks review of a final decision of the Commissioner of Social Security,
21  "[s]uch action shall be brought in the district court of the United States for the judicial district in
22  which the plaintiff resides." 42 U.S.C. § 405(g). On the Civil Cover Sheet, Plaintiff indicates she
23  resides in Kern County, which is within the Eastern District of California. (Doc. 1 at 1). However,
24  in the Complaint, Plaintiff asserts venue is proper because she "is a resident of Paso Robles,
25  California." (Doc. 2 at 1). The city of Paso Robles is within San Louis Obispo County, which lies in
26  within the Central District of California. Therefore, it appears the action may not have been filed in
27  the proper venue.
28  ///

### III.  Conclusion and Order

Since filing her Complaint, Plaintiff has failed to comply with the Court's orders regarding service of documents on Defendant and filing the consent form.  In addition, it appears the venue for this action is improper.

Accordingly, Plaintiff is **ORDERED** to show cause within 14 days of the date of service of this Order why the action should not be dismissed for her failure to prosecute and to follow the Court's Order.  Moreover, in her response to this order to show cause, Plaintiff SHALL demonstrate why the Eastern District of California is the proper venue.

IT IS SO ORDERED.

Dated:  **November 7, 2011**                                    /s/ Jennifer L. Thurston
                                                                                UNITED STATES MAGISTRATE JUDGE